UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILYAM ABELYAN,<br><br>                    Petitioner,<br><br>    v.<br><br>PAMELA BONDI, *et al.*,<br><br>                    Respondents. | Case No. 5:26-cv-00562-FLA (DSR)<br><br>**ORDER SETTING BRIEFING SCHEDULE FOR RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [DKT. 2]** |

On February 7, 2026, Petitioner Vilyam Abelyan ("Petitioner") filed a Motion for Temporary Restraining Order ("Motion") requesting an order for "his immediate release on an Order of Supervision, and enjoining Respondents from re-detaining him until they have obtained travel documents, can demonstrate that his removal is reasonably foreseeable in a hearing before a neutral adjudicator, and have followed the proper regulatory procedures for revocation of his release." Dkt. 2 at 2.

Petitioner did not notice a hearing on the Motion or comply with the requirements of Local Rules 7-19 & 7-19.1, if he intended to bring this matter as an *ex parte* application. Nevertheless, the court will exercise its discretion to set a briefing schedule on the Motion. Petitioner is advised that the court expects the parties to comply fully with all statutory requirements, court rules, and court orders, and that

1

failure to so comply may result in the striking or denial of motions and other filings.

Respondents' response to the Motion shall be filed on or before February 27, 2026. *See* Local Civil Rule App. C(2). Petitioner's deadline to file a reply shall be March 6, 2026. The Motion shall be taken under submission as of March 6, 2026, and the court will set the matter for hearing if the court deems one necessary or appropriate. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

To preserve the court's jurisdiction pending a ruling in this matter, it is **ORDERED** that Petitioner shall not be removed from the United States unless and until this court orders otherwise. *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); *see also Belbacha v. Bush*, 520 F.3d 452, 455–56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").

Further, given Petitioner's interest in participating in further proceedings before this court and maintaining adequate access to legal counsel throughout the duration of these proceedings, it is **ORDERED** that Petitioner shall not be transferred outside this District absent further order from this court. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (holding "the District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief").

IT IS SO ORDERED.

Dated: February 20, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge