UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILYAM ABELYAN,<br>Petitioner,<br>v.<br>PAMELA BONDI, *et al.*,<br>Respondents. | Case No. 5:26-cv-00562-FLA (DSR)<br>Case No. 5:26-cv-04853-FLA (DSR)<br><br>**ORDER ADMINISTRATIVELY CLOSING CASE 5:26-CV-04853-FLA (DSR) AND REQUIRING PARTIES TO FILE STATEMENTS REGARDING STATUS OF ACTION** |
| VILYAM ABELYAN,<br>Petitioner,<br>v.<br>ACTING OR CURRENT WARDEN, ADELANTO ICE, *et al.*,<br>Respondents. | |

**BACKGROUND**

On February 7, 2026, Petitioner Vilyam Abelyan ("Petitioner"), acting through counsel, filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241

("First Petition"), challenging his detention as a violation of the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, the Administrative Procedure Act, and applicable regulations. Case No. 5:26-cv-00562-FLA (DSR) ("Case 26-562"), Dkt. 1.[1]

That same day, Petitioner filed a Motion for Temporary Restraining Order ("First Motion for TRO"), requesting the court "order[] his immediate release on an Order of Supervision ['OSUP'], and enjoin[] Respondents from re-detaining him until they have obtained travel documents, can demonstrate that his removal is reasonably foreseeable in a hearing before a neutral adjudicator, and have followed the proper regulatory procedures for revocation of his release. *Id.*, Dkt. 2 at 2. On May 20, 2026, the court denied the First Motion for TRO after finding Petitioner failed to meet his initial burden to establish a reasonable likelihood of success on the merits of his claims or demonstrate his entitlement to a temporary restraining order for his immediate release. *Id.*, Dkt. 12 at 11.

On July 16, 2026, Respondents filed an *Ex Parte* Application ("Respondents' Application," *id.*, Dkt. 16), requesting the court dissolve the portions of the February 20, 2026 Order Setting Briefing Schedule for Response to Petitioner's Motion for Temporary Restraining Order ("February 2026 Order," *id.*, Dkt. 5), which barred Petitioner's transfer from this district or removal from the United States pending the final resolution of this action or further order of the court. In connection with this Application, Respondents represented to the court: (a) U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") was prepared to remove Petitioner to the Republic of Armenia ("Armenia") immediately; (b) ICE ERO did not intend to remove Petitioner to a third country; and (c) the government of Armenia had accepted Petitioner's removal to Armenia without a physical travel

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

document. *Id.*, Dkt. 21 at 2; Dkt. 21-1 ¶¶ 5–7. Based on these representations, the court granted in part Respondents' Application and modified the February 2026 Order to allow Respondents to transfer Petitioner outside this district solely for the purpose of effectuating his removal from the United States to Armenia, pursuant to the final order of removal. *Id.*, Dkt. 22 at 2–3.

On August 21, 2026, the court received three documents Petitioner submitted in *pro se*, dated August 17, 2026, and filed them in Case No. 5:26-cv-04853-FLA (DSR) ("Case 26-4853"): (1) a Petition for Writ of Habeas Corpus ("Second Petition"); (2) a Motion for Appointment of Counsel; and (3) a Motion for Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause ("Second Motion for TRO"). Case 26-4853, Dkts. 1, 2, 3. In the Second Petition, Petitioner states he "was called to intake [in] early August[,] where he got his picture taken and was told to sign documents so they can find him a [travel document]." *Id.*, Dkt. 1 at 7. According to Petitioner, "he was also told 'you'll stay in custody until we find a [travel document]'." *Id.* Petitioner renews his request for immediate release on the grounds that his detention has become indefinite under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), and there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*, Dkt. 1 at 9–14.

## ORDER

Local Rule 83-2.3.1 provides: "Whenever a party has appeared by an attorney, the party may not thereafter appear or act pro se, except upon order made by the Court after notice to such attorney and to any other parties who have appeared in the action."

The First and Second Petitions seek the same relief—Petitioner's immediate release from ICE custody under the same conditions as he had been released prior to his arrest and re-detention on December 19, 2025. *Compare* Case 26-562, Dkt. 1 *with* Case 26-4853, Dkt. 1. The court did not authorize Petitioner to file the Second Petition or the Second Motion for TRO in *pro se*. It is unclear whether Petitioner's counsel in Case 26-562 has received notice of the filings in Case 26-4853.

Accordingly, the court ORDERS as follows:

1. The clerk of court shall file copies of Petitioner's Second Petition, Motion for Appointment of Counsel, and Second Motion for TRO (Case No. 26-4853, Dkts. 1, 2, 3) in Case 5:26-cv-00562-FLA (DSR). Case 5:26-cv-04853-FLA (DSR) shall be closed administratively, as duplicative of the earlier-filed action.
2. Petitioner's counsel is ORDERED to file a statement within fourteen (14) days: (a) confirming counsel is still representing Petitioner in Case 26-562; (b) if not, explaining why counsel did not file a request to withdraw from the representation; and (c) if counsel is still representing Petitioner, stating whether the court should construe the Second Petition as the First Amended Petition in Case 26-562, or strike all three documents as unauthorized filings under Local Rule 83-2.3.1.
3. Respondents are ORDERED to file a statement within fourteen (14) days: (a) confirming Armenia has agreed to accept Petitioner's removal to Armenia without a physical travel document, as was represented to the court previously (*see* Case 26-562, Dkt. 21-1 ¶ 5); (b) stating whether Respondents are still prepared to remove Petitioner to Armenia imminently and, if so, identifying the specific intended date of removal; and (c) if Respondents are not prepared to remove Petitioner to Armenia imminently or additional travel documents are required, answering why Petitioner's detention has not become indefinite under *Zadvydas*.

IT IS SO ORDERED.

Dated: August 31, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge